IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PATRICK OWEN CUNNINGHAM, 1048805, ) | |
|                 Petitioner, ) | |
| ) | |
| v. ) | No. 3:04-CV-1814-B |
| ) | |
| DOUGLAS DRETKE, Director, Texas ) | |
| Department of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
|                 Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

On June 21, 2001, Petitioner was convicted of burglary of a building. *State of Texas v. Patrick O. Cunningham*, No. F-0029750-WS (282nd Jud. Dist. Ct., Dallas County, Tex., June 21, 2001). Petitioner was sentenced to fifteen years confinement. On August 15, 2002, the Fifth District Court of Appeals affirmed Petitioner's conviction. *Cunningham v. State*, No. 05-01-01150-CR (Tex. App. – Dallas [5th District] Aug. 15, 2002). Petitioner did not file a petition for discretionary review.

On October 3, 2002, Petitioner filed a state application for writ of habeas corpus. *Ex parte Cunningham*, Application No. 54,365-01. On January 15, 2003, the Court of Criminal

Appeals dismissed the petition because mandate had not yet issued on Petitioner's direct appeal. On April 4, 2003, Petitioner filed a second state habeas petition. *Ex parte Cunningham*, Application No. 54,365-02. On April 16, 2003, the Court of Criminal Appeals dismissed the petition for non-compliance with the appellate rules. On May 16, 2003, Petitioner filed his third state application for habeas relief. *Ex parte Cunningham*, Application No. 54,365-03. On October 1, 2003, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On July 15, 2004, Petitioner filed this federal petition. He argues: (1) the prosecutor failed to disclose evidence that was used against him; (2) he received ineffective assistance of counsel; (3) the prosecutor suppressed evidence; (4) the police report was fabricated; and (5) the jury waiver was falsified.

On November 8, 2004, Respondent filed a preliminary response arguing that the petition is time-barred. Petitioner did not file a reply. The Court now determines the petition is barred by limitations and should be dismissed.

## II.  Discussion

### A.  Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after

direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]
This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

On August 15, 2002, the Fifth District Court of Appeals affirmed Petitioner's conviction. He did not file a petition for discretionary review. His conviction therefore became final thirty days later, on September 16, 2002.[2] *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until September 16, 2003, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

[2] Thirty days from August 15, 2002, is Saturday, September 14, 2002. Pursuant to Tex. R. App. P. 4(a), the PDR was due on Monday, September 16, 2002.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -3-

U.S.C. § 2244 (d)(2). Statutory tolling, however, applies only during the pendency of a "properly filed" state habeas application. 28 U.S.C. § 2244(d)(2). Petitioner's first habeas application was dismissed because it was filed while his direct appeal was still pending. It therefore was not "properly filed" within the meaning of § 2244(d). *See Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir.) (finding state habeas application is not properly filed if erroneously accepted by state court that lacks jurisdiction), *cert. denied*, ___ U.S. ___, 125 S.Ct. 141 (2004); *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000) (stating Court of Criminal Appeals has no jurisdiction over state writ until direct appeal is final); *see also Carter v. Dretke*, No. 3:02-CV-1845-P, 2005 WL 491528 at 3 (N.D. Tex. Mar. 2, 2005) (finding state habeas petition was not properly filed when it was filed while direct appeal was still pending).

Petitioner filed his second state petition directly with the Court of Criminal Appeals instead of with the trial court. The Court of Criminal Appeals returned the petition for noncompliance under Texas Rule of Appellate Procedure 73.2. Petitioner's second state habeas application was therefore not properly filed. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings). Since Petitioner's first two state habeas applications were not properly filed, they did not statutorily toll the limitations period.

On May 16, 2003, Petitioner filed his third state application for habeas relief. This application tolled the limitations period for 139 days, until the Court of Criminal Appeals denied the petition on October 1, 2003. When 139 days are added to the limitations period, the deadline becomes February 2, 2004.[3]

---

[3] Petitioner's deadline fell on Sunday February 1, 2004. Pursuant to Fed. R. Civ. P. 6(a) his deadline for filing the petition was Monday, February 2, 2004.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**            Page -4-

Petitioner's federal petition was due by February 2, 2004. He did not file his federal petition until July 15, 2004. His petition is therefore untimely.

**B. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed January 3, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).